OPINION. Murdock, Judge: The petitioner claims that the entire amount of the attorney’s fees and related expenditures for each year is deductible as an ordinary and necessary expense of.,that year because the suit was for a money judgment and, as an alternative, if all is not deductible, at least a substantial part allocable to the defense against the claim for dividends and interest, is deductible. The Commissioner contends, on the other hand, that no part of the expenditures for either year is deductible as an ordinary and necessary expense since the primary purpose of the action defended against was to protect the title of the petitioner to the 2,000 shares of its stock purchased on September 3, 1937. The petitioner recognizes many cases holding that expenses of establishing or protecting title are capital expenditures not deductible as ordinary and necessary expenses. One of those cases is Safety Tube Corporation, 8 T. C. 757, affd. 168 F. 2d 787. The present case is not distinguishable from that case. There, the petitioner was defending its title to a patent and other property. That particular phase of the litigation was terminated favorably to the petitioner in 1940, but the proceeding went to trial to see whether funds such as royalties received from the use of the patent were to be taken away from the petitioner. The jury failed to agree and a decree dismissing the complaint was entered by consent of the parties in 1942. This Court, after a discussion of the subject and the authorities thereon held that none of the legal expenses was deductible as an ordinary and necessary expense but all were capital expenditures. The Circuit Court of Appeals for the Sixth Circuit affirmed, rejecting the argument of the petitioner that after the questions of title to the patent were removed the gist of the action became the right to the income which had been earned from the manufacture of the patent device. The Court said: The suit clearly involved the title to the Bradley patent as the principal issue and the accounting for royalties as held by the Tax Court was only a corollary to the determination of rights under the patent. The gist of the controversy is the right to the asset which produced the income. If the Bradley patent belonged to Seaton, then obviously the petitioner was not entitled to royalties. The Court distinguished Kornhauser v. United States, 276 U. S. 145, and Rassenfoss v. Commissioner, 158 F. 2d 764. The present case is not distinguishable in principle from the Safety Tube Corporation case and, following that authority, the holding must be that none of the amounts in controversy is deductible as an ordinary and necessary expense. This Court held in Harold K. Hochschild, 7 T. C. 81, that a portion of the attorney’s fees involved therein was expended in defense of title, was a capital expenditure, and was not deductible as an ordinary and necessary expense, but the remaining portion was allocable to the defense against the claim to interim dividends and was deductible as an expenditure connected with the collection of income. The petitioner’s title to stock was involved in that litigation but, nevertheless, the Circuit Court of Appeals for the Second Circuit reversed the Tax Court, 161 F. 2d 817, and held that the entire expenditure was deductible as an ordinary and'necessary expense of the business of the petitioner in acting as a director and officer of a corporation. The Court felt that, even though in a sense Hochschild’s title to the stock was defended, nevertheless, in the suit he “but fended off an abortive attack upon the conduct of his business as a fiduciary * * *." The present case is distinguishable since here it clearly appears that the major objective and primary purpose of the suit against the petitioner was to dispute its title to the 2,000 shares of stock purchased on September 3, 1937, and the other phases of the litigation were only corollary. Reviewed by the Court. Decision will be entered for the respondent.